**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| JASON CAP, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CARMAX, INC., et al., <br><br> Defendants. | **Case No: 1:25-cv-03602-JKB** <br><br><br><br> CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF JASON CAP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Plaintiff Jason Cap ("Plaintiff" or "Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all persons and entities that purchased or otherwise acquired CarMax, Inc. ("CarMax" or the "Company") securities between June 20, 2025 and November 5, 2025, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class and the Schall Law Firm as Additional Counsel.

**INTRODUCTION AND BACKGROUND**

Plaintiff commenced this Action on November 3, 2025 against CarMax, Inc., William D. Nash, and Enrique N. Mayor-Mora for violations under the Exchange Act. That same day, Plaintiff's counsel published an early notice pursuant to the PSLRA advising class members of,

1

among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1.

Defendant CarMax is a publicly traded retailer of used vehicles. The Company's common stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "KMX."

The Complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants recklessly overstated CarMax's growth prospects when, in reality, its earlier growth in the 2026 fiscal year was a temporary benefit from customers buying cars due to speculation regarding tariffs. As a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

The truth first began to emerge on September 25, 2025, when, before market hours, CarMax issued a press release (the "Q2 Release") reporting its second quarter financial results for the Company's 2026 fiscal year. In the Q2 Release, CarMax announced that the Company's retail sales had instead decreased by 5.4%, comparable store unit sales had decreased by 6.3%, and wholesale units had decreased by 2.2%. Moreover, net earnings per diluted share had decreased to $0.64, versus $0.85 from the prior year. On this news, CarMax's stock price fell $11.50 per share, or 20.07%, to close at $45.60 per share on September 25, 2025. The next day it fell a further 1.62%, to close at $44.86.

Then, on November 6, 2025, before the market opened, CarMax filed with the SEC a current report on Form 8-K announcing that the Company had terminated the employment of William D. Nash, CarMax's President and Chief Executive Officer at the time. On this news,

the price of CarMax stock fell $9.93 per share, or 24.33%, to close at $30.88 on November 6, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## **ARGUMENT**

### I.    **MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has a Substantial Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 at 4 (N.D. Ill. Mar. 15, 2005).

Movant lost a significant amount in connection with purchases of CarMax securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in CarMax securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

### C. *Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure*

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

####     1.    **Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and

misleading statements about CarMax's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in CarMax securities and is, therefore, extremely motivated to pursue claims in this action.

### D. *Movant Is Presumptively the Most Adequate Plaintiff*

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest

6

in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

By way of background, Plaintiff is an E-Commerce business owner from Mechanicsburg, Pennsylvania. There is no reason to believe that Plaintiff will not fairly and adequately protect the interests of the class; nor will Plaintiff be subject to unique defenses that would render Plaintiff incapable of adequately representing the class.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel, and The Schall Law Firm as Additional Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigation, securities fraud class actions, and other complex litigation and obtained substantial recoveries on behalf of investors. *See* Exs. 4 and 5 hereto.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and The Schall Law Firm as Additional Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: January 2, 2026                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
By: */s/ Phillip Kim*
Phillip Kim (Bar No. 31810)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com

*Counsel for Plaintiff and [Proposed] Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (Pro hac vice application forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Additional Counsel for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Phillip Kim*