## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| JASON CAP, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARMAX, INC., WILLIAM D. NASH, and ENRIQUE N. MAYOR-MORA,<br><br>　　　　　Defendants. | Civil Action No. 1:25-cv-03602-JKB<br><br>CLASS ACTION |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE INDIANA PUBLIC RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT.................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 3

ARGUMENT............................................................................................................................. 4

I.    INDIANA SHOULD BE APPOINTED LEAD PLAINTIFF............................................. 4

    A.    The PSLRA Standard for Appointing Lead Plaintiff ...................................................... 4

    B.    Indiana Is the "Most Adequate Plaintiff"....................................................................... 5

        1.    Indiana's Motion Is Timely..................................................................................... 5

        2.    Indiana Has the Largest Financial Interest in the Relief Sought
           by the Class ............................................................................................................ 5

        3.    Indiana Satisfies the Requirements of Rule 23 ...................................................... 6

           (a)    Indiana Satisfies the Typicality Requirement of Rule 23 ........................... 6

           (b)    Indiana Satisfies the Adequacy Requirement of Rule 23........................... 7

        4.    Indiana Is Precisely the Type of Lead Plaintiff Envisioned by the
           PSLRA .................................................................................................................... 8

II.   THE COURT SHOULD APPROVE INDIANA'S SELECTION OF
    COUNSEL ......................................................................................................................... 9

CONCLUSION......................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boothe v. Northstar Realty Fin. Corp.*,
  2019 WL 587419 (D. Md. Feb. 13, 2019), *aff'd sub nom. Bumgardner v. Boothe*, 798 F. App'x 770 (4th Cir. 2020)...................................................................8

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .................................................................................6

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)...................................................................................9

*Giraudon v. Innovative Indus. Props., Inc.*,
  2025 WL 1167847 (D. Md. Apr. 22, 2025).......................................................6, 7, 9

*Grad v. Ironnet, Inc.*,
  2022 WL 2789899 (E.D. Va. July 15, 2022)...........................................................8

*Holden v. Triangle Cap. Corp.*,
  2018 WL 1277735 (E.D.N.C. Mar. 12, 2018) .........................................................6

*Walker v. iLearningEngines, Inc.*,
  2025 WL 637450 (D. Md. Feb. 27, 2025) ...............................................................7

**Rules & Statutes**

Fed. R. Civ. P. 23 ............................................................................................. *passim*

15 U.S.C. § 78u-4 *et seq*. ................................................................................ *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-08141 (S.D.N.Y.)...................................................................................9

*In re Countrywide Fin. Corp. Sec. Litig.*,
  No. 07-cv-5295 (C.D. Cal.) ....................................................................................9

*Sinnathurai v. Novavax, Inc.*,
  No. 21-cv-02910-TDC (D. Md.)..............................................................................9

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ................................8

ii

Proposed Lead Plaintiff Indiana Public Retirement System ("Indiana") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (i) appointing Indiana as Lead Plaintiff on behalf of all persons or entities that purchased or otherwise acquired CarMax, Inc. ("CarMax" or the "Company) securities between June 20, 2025 and November 5, 2025, inclusive (the "Class Period"); (ii) approving Indiana's selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel for the Class and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.[1]

## PRELIMINARY STATEMENT

Indiana, a sophisticated institutional investor, respectfully submits that it should be appointed Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired CarMax securities during the Class Period (the "Class"). The above-captioned action (the "Action"), brought against CarMax and certain of the Company's current and former senior executives (collectively, "Defendants"), alleges violations of Sections 10(b) and 20(a) of the Exchange Act, and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, as amended by the PSLRA.

The PSLRA governs the appointment of the lead plaintiff in class action lawsuits alleging violations of the federal securities laws and directs courts to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to

---

[1] Indiana respectfully notes that it is concurrently filing a substantively identical motion in the related case captioned *Indiana Public Retirement System v. CarMax, Inc.*, No. 25-cv-01056 (E.D. Va.), pending in the United States District Court for the Eastern District of Virginia.

1

identify the movant asserting the "largest financial interest" in the relief sought by the Class in this litigation, and also determine whether such movant has made a *prima facie* showing that it is an otherwise typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Indiana satisfies these requirements. As set forth below, Indiana incurred a substantial loss of *$871,730* on its Class Period investments in CarMax securities as calculated on a last-in-first-out ("LIFO") basis—an interest believed to be greater than that of any other qualified movant.[2] Indiana also meets the typicality and adequacy requirements of Rule 23 because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class. Additionally, Indiana is precisely the type of sophisticated institutional investor that Congress intended for the PSLRA to empower to lead securities class actions. Indiana possesses the capability, resources, and experience to oversee this complex litigation. Indiana is willing and able to undertake the responsibilities involved in acting as Lead Plaintiff to guarantee the vigorous prosecution of the Action. Accordingly, Indiana is the presumptive Lead Plaintiff.

Finally, Indiana requests that the Court approve its choice of Labaton as Lead Counsel and Cohen Milstein as Liaison Counsel to represent the Class. Labaton is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors. Moreover, Labaton has successfully achieved noteworthy results for investors in this District. *See* Section II, *infra*. Cohen Milstein is also well-qualified to represent the Class as Liaison Counsel, having previously served as both lead counsel and liaison counsel in this District.

---

[2] A copy of Indiana's Certification is attached as Exhibit A to the Declaration of Steven J. Toll (the "Toll Declaration" or "Toll Decl."), filed contemporaneously herewith. This Certification sets forth all of Indiana's Class Period transactions in CarMax securities. In addition, a table reflecting Indiana's financial interest in CarMax securities during the Class Period is attached as Exhibit B to the Toll Declaration.

*Id.* Accordingly, Indiana respectfully requests that the Court approve its selection of Labaton as Lead Counsel for the Class and Cohen Milstein as Liaison Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## FACTUAL BACKGROUND

CarMax is a used car retailer that operates approximately 250 locations throughout the United States. CarMax provides financing to customers for their vehicle purchases through its operating segment, CarMax Auto Finance ("CAF"), and originates used car loans for customers in accordance with underwriting standards established by management. Under applicable accounting rules, CarMax must also establish a reserve for loan losses and periodically adjust this liability to reflect changes in customer credit risk and loan performance.

Defendants misled investors by failing to disclose that: (1) CarMax's 2022 and 2023 vintage loans were underperforming; (2) CarMax's loss reserves were inadequate to cover these loans; (3) CarMax had an oversupply of vehicles at its lots in early 2025; (4) this oversupply caused substantial depreciation of its inventory; (5) CarMax's mid-2025 sales boost was largely driven by customers rushing to purchase used cars amid concerns over potential new car tariffs; and (6) based on the foregoing, Defendants materially overstated customer receivables, inventory values, and earnings, while misleading investors about the Company's business, operations, and growth prospects.

On September 25, 2025, investors began to learn the truth about Defendants' fraud when CarMax reported weak fiscal Q2 2026 results, citing tariff-related pull-forward of demand that left the Company with excess inventory and elevated depreciation expense as sales slowed beginning in May. CarMax also disclosed a $142 million loan-loss provision, including $71 million related to 2022-2023 loans. On this news, CarMax's stock price fell 20.1 percent. Then, on November

3

4, 2025, CarMax disclosed that it had terminated the employment of CEO William Nash and warned of a sharp decline in used car sales in the current quarter. On this news, CarMax's stock price fell an additional 24.3 percent.

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's securities, Indiana and the Class have suffered significant damages.

## ARGUMENT

## I. INDIANA SHOULD BE APPOINTED LEAD PLAINTIFF

Indiana respectfully submits that it should be appointed Lead Plaintiff because it timely filed the instant motion, believes it has the largest financial interest of any qualified movant, and satisfies the typicality and adequacy requirements of Rule 23.

### A. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or made a motion to serve as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B.    Indiana Is the "Most Adequate Plaintiff"

#### 1.    Indiana's Motion Is Timely

Indiana filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Plaintiff in the Action published a notice on *Business Wire*, a widely-circulated, national, business-oriented news wire service, on November 3, 2025.  *See* Toll Decl., Ex. C.  The notice, in accordance with the PSLRA, stated that applications for appointment as Lead Plaintiff must be made no later than January 2, 2026.  Similarly, the plaintiff in the subsequently filed action, Indiana, published notice reiterating the January 2, 2026 deadline.  *Id.* Indiana filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

#### 2.    Indiana Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with the largest financial interest in the relief sought by the class,

so long as that movant otherwise satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Indiana incurred a substantial loss of **$871,730** on its transactions in CarMax securities on a LIFO basis during the Class Period.  *See* Loss Analysis, Toll Decl., Ex. B; *see also Giraudon v. Innovative Indus. Props., Inc.*, 2025 WL 1167847, at *2 (D. Md. Apr. 22, 2025) (appointing the movant with "the largest financial interest").  Indiana is unaware of any other movant with a larger financial interest in the outcome of the Action.  Accordingly, Indiana has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3.      Indiana Satisfies the Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  For the purposes of assessing whether the provisions of Rule 23 are satisfied at the lead plaintiff appointment stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate.  *See Giraudon*, 2025 WL 1167847, at *3; *Holden v. Triangle Cap. Corp.*, 2018 WL 1277735, at *2 (E.D.N.C. Mar. 12, 2018) ("Although the court should conduct a preliminary inquiry on the Rule 23 requirements, a wide-ranging analysis is not appropriate at this early stage and should be left for consideration when the court determines whether to certify the class.") (citation omitted).

### (a)      Indiana Satisfies the Typicality Requirement of Rule 23

Pursuant to Rule 23(a)(4), the representative party must demonstrate that its "claims or defenses . . . are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality

is satisfied "when the representative plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory." *Giraudon*, 2025 WL 1167847, at \*3 (citation omitted).

The typicality requirement is satisfied here because Indiana, which is not subject to any unique or special defenses, seeks the same relief and advances the same legal theories as other Class members. As did all members of the Class, Indiana: (1) purchased CarMax securities during the Class Period; (2) at prices that the Defendants allegedly inflated with their false and misleading statements; and (3) suffered damages when the truth was disclosed. These shared claims, which arise under a common legal theory and from the same events and course of conduct as those of other Class members, satisfy Rule 23(a)(3)'s typicality requirement.

**(b)     Indiana Satisfies the Adequacy Requirement of Rule 23**

Pursuant to Rule 23(a)(4), the representative party must demonstrate that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied when "the purported class representative and its attorney are capable of pursuing the litigation and . . . neither has a conflict of interest with other class members." *Walker v. iLearningEngines, Inc.*, 2025 WL 637450, at \*2 (D. Md. Feb. 27, 2025) (citation omitted). Indiana will fairly and adequately represent the interests of the proposed Class. Indiana's interests are perfectly aligned with the other members of the Class and are not antagonistic in any way. Indeed, Indiana has the same interest as all members of the Class—to maximize the recovery for the Class. There are no facts that indicate any conflicts of interest between Indiana and the other Class members. Moreover, because of Indiana's financial interest in this Action, described above, Class members can be assured that it has the incentive to vigorously represent the Class' interests. Indiana has further demonstrated its adequacy through the selection of Labaton to serve as Lead Counsel on behalf of the Class and of Cohen Milstein to serve as Liaison Counsel. As discussed more fully below, Labaton and Cohen Milstein are highly qualified and experienced in the area of

7

securities class action litigation and have repeatedly demonstrated their ability to prosecute securities class action lawsuits. Further, as a sophisticated institutional investor with considerable experience serving as lead plaintiff in securities class action lawsuits, Indiana undoubtedly has the resources to litigate the Action. Accordingly, Indiana is an exceedingly competent representative of the Class.

> **4.    Indiana Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA**

In addition to satisfying the requirements of Rule 23, Indiana—a large, sophisticated institutional investor—is precisely the type of investor Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, 1995 U.S.C.C.A.N. at 733-34. To this end, many courts have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g.*, *Boothe v. Northstar Realty Fin. Corp.*, 2019 WL 587419, at *6 (D. Md. Feb. 13, 2019), *aff'd sub nom. Bumgardner v. Boothe*, 798 F. App'x 770 (4th Cir. 2020) (noting that Congress deemed "sophisticated and institutional investors" to be "presumptively most adequate to serve as lead plaintiffs in securities class actions") (citation omitted); *Grad v. Ironnet, Inc.,* 2022 WL 2789899, at *5 (E.D. Va. July 15, 2022) (There is . . . a preference for the appointment of an institutional lead plaintiff"). Moreover,

Indiana has already taken measures to ensure the claims are vigorously and effectively prosecuted in the best interests of the Class.  After the Action was filed in the District of Maryland, Indiana instructed its counsel, Labaton, to file a related case in the Eastern District of Virginia alleging an expanded theory of Defendants' fraud.

Accordingly, Indiana has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

## II.    THE COURT SHOULD APPROVE INDIANA'S SELECTION OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001); *see also Giraudon*, 2025 WL 1167847, at *5 (appointing counsel with "significant experience prosecuting securities cases").  Indiana has selected Labaton, highly-qualified counsel, to serve as Lead Counsel, and Cohen Milstein to serve as Liaison Counsel for the Class.

Labaton has excelled as lead counsel in numerous landmark actions on behalf of defrauded investors.  Labaton served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it recovered more than $1 billion for injured investors.  In addition, Labaton was lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 to 2008.  Labaton also has achieved noteworthy results for investors in this District, including securing a settlement of $47 million in *Sinnathurai v. Novavax, Inc.*, No. 21-cv-02910-TDC (D. Md.).  Labaton is currently serving as lead or co-lead counsel in numerous significant investor class actions.  *See* Labaton Firm Resume, Toll Decl., Ex. D.  Likewise, Cohen Milstein is well qualified to represent the Class

as Liaison Counsel, having served as counsel in securities actions in this District. *See* Cohen Milstein Firm Resume, Toll Decl., Ex. E.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

**CONCLUSION**

For the foregoing reasons, Indiana respectfully requests that the Court enter an Order: (i) appointing Indiana as Lead Plaintiff; (ii) approving Indiana's selection of Labaton as Lead Counsel for the Class and Cohen Milstein as Liaison Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: January 2, 2026                                  Respectfully submitted,


*/s/ Steven J. Toll*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll (Bar No. 15824)
S. Douglas Bunch
1100 New York Avenue, N.W. Suite 800
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dbunch@cohenmilstein.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville (*pro hac vice* forthcoming)
Connor C. Boehme (*pro hac vice* forthcoming)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com


*Counsel for Proposed Lead Plaintiff Indiana Public Retirement System*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 2nd day of January 2026, I electronically filed the foregoing using the Court's CM/ECF system, and the memorandum and related papers will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

<i>/s/ Steven J. Toll</i>

Steven J. Toll