Case 1:25-cv-03602-JKB   Document 14   Filed 01/16/26   Page 1 of 6

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

NORTHERN DIVISION

| | | |
|---|---|---|
| JASON CAP, Individually and on Behalf of All Others Similarly Situated, | ) ) | Case No. 1:25-cv-03602-JKB |
| | ) | |
| Plaintiff, | ) ) | EXCAVATORS UNION LOCAL 731 PENSION FUND AND CITY OF |
| | ) | BIRMINGHAM RETIREMENT AND |
| vs. | ) | RELIEF SYSTEM'S RESPONSE IN |
| | ) | FURTHER SUPPORT OF LEAD PLAINTIFF |
| CARMAX, INC., et al., | ) | MOTION |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

4913-2194-1896

## I.    INTRODUCTION[1]

Four motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this action by: (1) Excavators Union Local 731 Pension Fund and City of Birmingham Retirement and Relief System (the "Pension Funds"); (2) Indiana Public Retirement System ("Indiana"); (3) Jason Cap; and (4) Steven M. Smith.  *See* ECF 7, 8, 9, 10.

Based on information contained in the movants' motions, the Pension Funds are clearly the "most adequate plaintiff" within the meaning of the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Indeed, the Pension Funds' loss of more than $900,000 million is more than the loss claimed by any other movant, and the Pension Funds otherwise meet the Rule 23 typicality and adequacy requirements.  Moreover, there is, and will be, no "proof" that the Pension Funds are inadequate or subject to unique defenses.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Further, recognizing their smaller losses, all other movants have either withdrawn motions or filed a notice of non-opposition to the Pension Funds' motion.  *See* ECF 11 (Steven M. Smith withdrawal); 12 (Jason Cap withdrawal); 13 (Indiana non-opposition acknowledging that "the group composed of Excavators Union Local 731 Pension Fund and City of Birmingham Retirement and Relief System claims a larger financial stake than Indiana in the relief sought by the class").  Accordingly, the Pension Funds' motion should be granted.

---

[1]    On January 15, 2026, the substantially similar complaint pending before Judge Roderick C. Young in the U.S. District Court for the Eastern District of Virginia was voluntarily dismissed. *See Ind. Pub. Ret. Sys. v. CarMax, Inc.*, No. 3:25-cv-01056, ECF 16 (E.D. Va. Jan. 15, 2026).  As such, this is the only case in which lead plaintiff motions are pending.

4913-2194-1896

II.    **ARGUMENT**

A.    **The Pension Funds Meet the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

In this District, while courts "'have applied a four-factor test: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs'" to determine the largest financial interest, "'[t]he fourth factor [(approximate losses)] is widely considered the most important.'" *Dhatt v. Enviva, Inc.*, 2024 WL 580671, at *1 (D. Md. Feb. 13, 2024) (citations omitted).

Here, there is no question that the Pension Funds claim the largest approximate loss:

| MOVANT | APPROXIMATE LOSSES |
|---|---|
| Pension Funds | $908,099 |
| Indiana (non-opposition) | $871,729 |
| Jason Cap (withdrawn) | $38,968 |
| Steven M. Smith (withdrawn) | $31,072 |

There can be no legitimate dispute, then, that the Pension Funds possess the "largest financial interest" in this litigation:

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, the Pension Funds must also "otherwise satisf[y] the

4913-2194-1896

requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Here, there can be no question that the Pension Funds satisfy this requirement. *See* ECF 10-2 at 4-6. As institutional investors with experience serving as lead plaintiff, the Pension Funds are precisely the type of sophisticated institutional investors that Congress intended to empower to lead complex securities class actions, like the current action: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *Cendant*, 264 F.3d at 273. Indeed, Birmingham Retirement and Relief System achieved recoveries of $50 million (*see In re BHP Billiton Ltd. Sec. Litig.*, No. 1:16-cv-01445 (S.D.N.Y.)), and $40 million (*see Nakamura v. BRF S.A.*, No. 1:18-cv-2213 (S.D.N.Y.)) along with Robbins Geller as lead counsel.

Because the Pension Funds have the largest financial interest and satisfy Rule 23's requirements, they are presumptively the "most adequate plaintiff."

### B.    The Presumption of "Most Adequate Plaintiff" Which Lies in Favor of the Pension Funds Cannot Be Rebutted

The presumptive lead plaintiff, in this case the Pension Funds, must be appointed unless it is ***proven*** that they will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original); *see also Cavanaugh*, 306 F.3d at 730-32.

The Pension Funds made the required *prima facie* showing of typicality and adequacy. *See* ECF 10-2 at 4-6. In addition, the competing movants cannot present proof to rebut the presumption which lies in favor of the Pension Funds because none exists. The Pension Funds also selected a

- 3 -

law firm highly experienced in securities litigation to serve as lead counsel.  *See id*. at 6-7; *See, e.g., In re Under Armour Sec. Litig.*, No. 1:17-cv-00388 (D. Md.) (Robbins Geller as lead counsel obtained an historic $434 million recovery from Under Armour, representing the second largest securities class action recovery ever in the Fourth Circuit).  Consequently, the presumption of "most adequate plaintiff," which lies in favor of the Pension Funds cannot be rebutted.  The Pension Funds' motion for appointment as lead plaintiff and approval of lead plaintiff's selection of lead counsel should be granted and the competing motions should be denied.

## III.  CONCLUSION

The Pension Funds are the presumptively most adequate plaintiff because they possess the largest financial interest in the relief sought by the class and meet Rule 23's adequacy and typicality requirements.  In addition, the presumption which lies in the Pension Funds' favor cannot be rebutted.  Therefore, the Pension Funds respectfully request that this Court enter an order: (1) appointing the Pension Funds to serve as lead plaintiff in this action; (2) approving the Pension Funds' selection of Robbins Geller as lead counsel; and (3) denying the competing motions for appointment as lead plaintiff.

DATED:  January 16, 2026                    Respectfully submitted,

SILVERMAN THOMPSON SLUTKIN
  & WHITE LLC
STEVEN D. SILVERMAN (VSB No. 22887)
ANDREW C. WHITE (VSB No.  08821)
WILLIAM N. SINCLAIR (VSB No. 28833)


                        s/ William N. Sinclair
                        WILLIAM N. SINCLAIR

4913-2194-1896

400 E. Pratt Street, Suite 900
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
ssilverman@mdattorney.com
awhite@mdattorney.com
bsinclair@mdattorney.com

Local Counsel

ROBBINS GELLER RUDMAN
    & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

LERNER LAW FIRM & ASSOCIATES
EVAN D. LERNER
400 Post Avenue, Suite 303
Westbury, NY 11590
Telephone:  516/307-1550
516/307-1551 (fax)
elerner@lernerlawfirm.com

Additional Counsel

- 5 -

4913-2194-1896