# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| IN RE GRACE OCEAN PRIVATE LIMITED, *et al.*,<br><br>Petitioners. | Civil Action No. 24-cv-000941-JKB<br><br>IN ADMIRALTY |

**OBJECTIONS OF CERTAIN NONPARTY DALI CREWMEMBERS
TO MAGISTRATE JUDGE DECISIONS ON MOTION TO STRIKE
<u>CONFIDENTIALITY DESIGNATIONS AND MOTIONS TO SEAL</u>**

Dated: October 28, 2025

Joseph T. Mallon, Jr. (#22878)
Marshall N. Perkins (#25514)
MALLON LLC
300 E. Lombard St. Suite 815
Baltimore, MD 21202
Tel: 410 727 7887/Fax 410 727 4770
jmallon@mallonllc.com
mperkins@mallonllc.com

*Attorneys for Nonparty Objectors
  Chandrashekar Sabhapathy, Chaminda
  Kariyawasam, Ganeshkumar
  Subramanian, and Nishanth Pitchaiah*

Brian McCarthy (*pro hac vice*)
ABRAMS FENSTERMAN, LLP
3 Dakota Drive Suite 300
Lake Success, New York 11042
Tel: 516 328 2300/Fax: 516 328 6638
bmccarthy@abramslaw.com

*Attorneys for Nonparty Objector
  Chandrashekar Sabhapathy*

Michael K. Twersky (*pro hac vice*)
FOX ROTHSCHILD LLP
980 Jolly Road, Suite 110
Blue Bell, PA 19422
Tel: 215 299 2923/Fax: 267 254 0242
mtwersky@foxrothschild.com

*Attorneys for Nonparty Objector
Chaminda Kariyawasam*

Gregg L. Bernstein (#01340)
John J. Connolly (#09537)
ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, Maryland 21202
Tel: 410 332 0444/Fax: 410 659 0436
gbernstein@zuckerman.com
jconnolly@zuckerman.com

*Attorneys for Nonparty Objector
  Karthikeyan Deenadayalan*

Owen F. Duffy (*pro hac vice*)
LAW OFFICE OF OWEN DUFFY
P.O. Box 919
Point Lookout, New York 11569
Tel: 516 721 8793
owen@oduffy-law.com

*Attorneys for Nonparty Objectors
Ganeshkumar Subramanian and
Nishanth Pitchaiah*

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

MATERIAL FACTS ................................................................................................3

    A.  Chief Engineer Deenadayalan. .............................................................3

    B.  Captain (Master) Subhapathy...............................................................8

    C.  Electrician Kariyawasam. .....................................................................8

    D.  Fourth Engineer Pitchaiah and Oiler Subramanian. ...........................9

MAGISTRATE JUDGE RULING ..........................................................................9

ARGUMENT..........................................................................................................11

    E.  Standard of review. .............................................................................11

    F.  Objection 1: The Magistrate Judge ████████████████████ ████████████████████ ███████████████ ............................................. 12

    G.  Objection 2: The Magistrate Judge ████████████████ ██████████████████ ████████████ ....................................................... 16

    H.  Objection 3: The Magistrate Judge ██████████████████████ ████████████████████ ...............................................22

CONCLUSION........................................................................................................ 23

# TABLE OF AUTHORITIES

## CASES

*Center for Auto Safety* v. *Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016) ...................................................................................... 15

*Chicago Tribune Co.* v. *Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001) ............................................................................... 15

*Duling* v. *Gristede's Op'g Corp.*, 266 F.R.D. 66 (S.D.N.Y. 2010) ...................................... 20

*Griffin* v. *California*, 380 U.S. 609 (1965) ........................................................................ 17

*Hobley* v. *Burge*, 225 F.R.D. 221 (N.D. Ill. 2004) ............................................................ 21

*Hodczak* v. *Latrobe Specialty Steel Co.*, No. 08-649, 2009 WL 10689802 (W.D. Pa. Nov. 2, 2009) ........................................................................ 20

*In re: Smith & Nephew Birmingham Hip Resurfacing Litig.*, MDL No. 2775, 2024 WL 1050925 (D. Md. Mar. 11, 2024) .................................................... 16

*Jones* v. *State*, 586 A.2d 55 (Md. Ct. Spec. App. 1991) ..................................................... 17

*Leucadia, Inc.* v. *Applied Extrusion Techs., Inc.*, 998 F.2d 157 (3d Cir. 1993) ...................................................................................... 15

*MedImmune Oncology, Inc.* v. *Sun Pharmaceutical Indus., Ltd.*, No. MJG-04-2612, 2008 WL 11411384 (D. Md. Apr. 2, 2008) ..................................... 11

*Myles* v. *Rent-A-Center, Inc.*, No. 15-cv-300 JKB, 2016 WL 3077399 (D. Md. June 1, 2016) ....................................................................... 16

*Ohio Valley Env. Coalition* v. *Elk Run Coal Co.*, 291 F.R.D. 114 (S.D. W. Va. 2013) .................................................................................... 15

*Pittston Co.* v. *United States*, 368 F.3d 385 (4th Cir. 2004) ............................................. 16

*Press-Enterprise Co.* v. *Superior Court*, 464 U.S. 501 (1984) .......................................... 17

*Seattle Times Co.* v. *Rhinehart*, 467 U.S. 20 (1984) ................................................... 14, 20

*Stewart* v. *United States*, 366 U.S. 1 (1961) .................................................................... 17

*Stone* v. *Trump*, 356 F. Supp. 3d 505 (D. Md. 2018) ....................................................... 11

*United States* v. *Appelbaum (In re United States)*, 707 F.3d 283 (4th Cir. 2013) ............................................................................... 12, 14

*United States* v. *El-Sayegh*, 131 F.3d 158 (D.C. Cir. 1997) ................................. 14

*United States* v. *Kravetz*, 706 F.3d 47 (1st Cir. 2013) ...................................... 15

*Virginia Dep't of State Police* v. *Washington Post*, 386 F.3d 567 (4th Cir. 2004) ......................................................................................................... 13

*Waterkeeper Alliance, Inc.* v. *Alan & Kristin Hudson Farm*, 278 F.R.D. 136 (D. Md. 2011) ........................................................................................ 22

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. I ........................................................................ 7, 10, 12, 15

## STATUTES

28 U.S.C. § 636 ................................................................................... 1, 11, 12

## RULES

D. Md. Local R. 104.5 ............................................................................. 14

Fed. R. Civ. P. 26(c) ......................................................................... 2, 12, 20

Fed. R. Civ. P. 72(a) ............................................................................ 1, 11

Fed. R. Civ. P. 72(b) ............................................................................... 11

## OTHER AUTHORITIES

Katie Mettler, *Maryland could see an onslaught of lawsuits over Key Bridge Failures*, Wash. Post (May 24, 2025) ............................................. 19

Tracey Maclin, *The Prophylactic Fifth Amendment*, 97 Boston U. L. Rev. 1047, 1048 (2017) ......................................................................... 19

Pursuant to Rule 72(a) and 28 U.S.C. § 636(b), five nonparty deponents,[1] all former

crewmembers of the *M/V Dali*, object to the Memorandum and Order ⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜[2] The Material Facts section below focuses on Chief Engineer

Deenadayalan, with material additions from other Objectors added in brief subsections

thereafter. The Argument section is the same for all Objectors.

## INTRODUCTION

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

---

[1] The objecting crewmembers are Karthikeyan Deenadayalan (chief engineer); Chandrashekar Sabhapathy (master); Chaminda Kariyawasam (electrician); Ganeshkumar Subramanian (oiler); and Nishanth Pitchaiah (fourth engineer) (collectively, "Objectors"). Three other crewmembers ⬜⬜⬜⬜ ⬜⬜⬜⬜ are not joining in the objections.

[2] See ECF Nos. 544-46 (Deenadayalan), 550-52 (Kariyawasam), 553-55 (Sabhapathy), and 547-49 (Pitchaiah and Subramanian).

**MATERIAL FACTS**

**A.  Chief Engineer Deenadayalan.**

Mr. Deenadayalan was serving as the chief engineer aboard the *M/V Dali* on March 26, 2024, the date of the allision with the Francis Scott Key bridge. Since that day 19 months ago, he has been required to remain in Baltimore, far from his home and family in India, as regulators, prosecutors, and private lawyers conduct exhaustive investigations of the allision.

3

**B.  Captain (Master) Subhapathy.**

Objector Sabhapathy was the Captain and Master of the *M/V Dali* when it called at the Port of Baltimore on or about March 26, 2024.

**C.  Electrician Kariyawasam.**

Mr. Kariyawasam was the electrician on the *M/V Dali* at the time of the allision.

**D.  Fourth Engineer Pitchaiah and Oiler Subramanian.**

Mr. Pitchaiah was serving as the fourth engineer and Mr. Subramanian as an oiler

aboard the *M/V DALI* on March 26, 2024, the date of the allision.

**MAGISTRATE JUDGE RULING**

**ARGUMENT**

**E.  Standard of review.**

**1.  Motion to strike**

Under Rule 72(a),[3] a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) (same standard). Some courts in this district have held that "[d]iscovery motions are quintessential nondispositive motions, so the district court reviews findings of fact for clear error and conclusions of law *de novo*. When reviewing a question of law, however, the standard is de novo." *MedImmune Oncology, Inc.* v. *Sun Pharmaceutical Indus., Ltd.*, No. MJG-04-2612, 2008 WL 11411384, at *1 (D. Md. Apr. 2, 2008). More recent decisions tend to relax the *de novo* standard for questions of law on discovery motions, suggesting something akin to an abuse of discretion standard even there. *See*, *e.g.*, *Stone* v. *Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2018) (suggesting that

---

[3] A threshold question is whether these objections are "nondispositive," and therefore covered by Rule 72(a), or "dispositive," and therefore covered by Rule 72(b). Discovery motions are typically nondispositive of the parties' dispute, but Objectors are not parties to this case, and therefore the ruling on the motion to strike is dispositive as to their connection to the case. On the other hand, Objectors are asserting rights under a protective order entered in this case that was drafted to encompass nonparties who were compelled to testify, so they may have a quasi-party status. Although Objectors do not waive any rights on appeal, the weight of authority in other jurisdictions appears to treat discovery motions involving nonparties as nondispositive, and therefore subject to the more lenient standard of review under Rule 72(a).

*de novo* review of legal questions is less stringent when reviewing discovery disputes decided by magistrate judges).

Objectors contend that the plain language of the statute and the rule is more consistent with *de novo* review for legal questions—otherwise the "contrary to law" phrase would be surplusage. The text does not imply a different standard for discovery motions, some of which adjudicate important rights. The discovery questions here, for instance, ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ An Article III judge should have full discretion to decide issues that touch upon that right.

### 2. Motions to seal

Judge Sullivan also denied the parties' motions to seal the papers filed in connection with the motion to strike. ECF No. 624 at 13-16. Magistrate decisions to seal are considered "additional duties" under 28 U.S.C. § 636(b)(3), "and decisions under this prong are accorded *de novo* review by the district court." *United States* v. *Appelbaum (In re United States)*, 707 F.3d 283, 289 (4th Cir. 2013).

### F. Objection 1: The Magistrate Judge c⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

The motion to strike implicated three potential standards for shielding litigation documents from public dissemination. Those standards, running from easiest to satisfy to hardest, are: the "good cause" standard of Rule 26(c), which applies to pretrial discovery materials that are not "judicial records"; the common law right of public access to all "judicial records," which can be overcome by a significant countervailing interest; and the First Amendment right of access to judicial records that are utilized in considering or resolving dispositive issues, which can be overcome only by "compelling governmental interest[s]" that are narrowly tailored to serve the interests. *See Appelbaum*, 707 F.3d at

290. Although Claimants cited the First Amendment in their motion to strike, ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ *See*, *e.g.*, *Virginia Dep't of State Police* v. *Washington Post*, 386 F.3d 567, 580 (4th Cir. 2004) ("we have never held that the public has a First Amendment right of access to a pretrial hearing on a non-dispositive civil motion or to the transcript of such a hearing").

The Magistrate Judge's opinion ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

---

[4] T▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮

**G. Objection 2: The Magistrate Judge**

8

**H. Objection 3: The Magistrate Judge**

**CONCLUSION**

For the reasons stated, Objectors respectfully request that objections be sustained; that motion to strike be denied; and that the motions to seal be granted.

Dated: October 28, 2025

Respectfully submitted,

/s/ *Marshall N. Perkins*
Joseph T. Mallon, Jr. (#22878)
Marshall N. Perkins (#25514)
MALLON LLC
300 E. Lombard St. Suite 815
Baltimore, MD 21202
Tel: 410 727 7887/Fax 410 727 4770
jmallon@mallonllc.com
mperkins@mallonllc.com

*Attorneys for Nonparty Objectors*
  *Chandrashekar Sabhapathy, Chaminda*
  *Kariyawasam, Ganeshkumar*
  *Subramanian, and Nishanth Pitchaiah*

Brian McCarthy (*pro hac vice*)
ABRAMS FENSTERMAN, LLP
3 Dakota Drive Suite 300
Lake Success, New York 11042
Tel: 516 328 2300/Fax: 516 328 6638
bmccarthy@abramslaw.com

*Attorneys for Nonparty Objector*
  *Chandrashekar Sabhapathy*

Michael K. Twersky (*pro hac vice*)
FOX ROTHSCHILD LLP
980 Jolly Road, Suite 110
Blue Bell, PA 19422
Tel: 215 299 2923/Fax: 267 254 0242
mtwersky@foxrothschild.com

*Attorneys for Nonparty Objector*
*Chaminda Kariyawasam*

/s/ *Gregg L. Bernstein*
Gregg L. Bernstein (#01340)
John J. Connolly (#09537)
ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, Maryland 21202
Tel: 410 332 0444 / Fax: 410 659 0436
gbernstein@zuckerman.com
jconnolly@zuckerman.com

*Attorneys for Nonparty Objector*
*Karthikeyan Deenadayalan*

Owen F. Duffy (*pro hac vice*)
LAW OFFICE OF OWEN DUFFY
P.O. Box 919
Point Lookout, New York 11569
Tel: 516 721 8793
owen@oduffy-law.com

*Attorneys for Nonparty Objectors*
*Ganeshkumar Subramanian and*
*Nishanth Pitchaiah*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October, 2025, I caused copies of the

foregoing document to be served through the ECF system (for the public version) and via

e-mail on all registered counsel of record.

___/s/ John J. Connolly_____
John J. Connolly (09537)
